UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATALIA LEHARDY;<br>YASSIN JOMLI;<br>  9012 63rd Drive, Apt 3<br>  Rego Park, NY 11374 | )<br>)<br>)<br>)<br>) | |
| Petitioner(s) | )<br>) | Civil Action No **1:20-cv-2252** |
| v. | )<br>) | |
| CHAD F. WOLF, in his official capacity,<br>Acting Secretary, U.S. Department of<br>Homeland Security;<br>KENNETH T. CUCCINELLI, in his official<br>capacity, Acting Director, U.S. Citizenship and<br>Immigration Services;<br>  245 Murray Lane, SW<br>  Mail Stop 0485<br>  Washington, DC 20528-0485 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| WILLIAM P. BARR, in his official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Respondent(s). | )<br>) | |

**PETITIONERS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND DECLARATORY JUDGMENT**

Hashim G. Jeelani, Attorney for Petitioners, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

INTRODUCTION

COME NOW NATALIA LEHARDY (hereinafter "LEHARDY" or collectively "Petitioners") and YASSIN JOMLI (hereinafter "JOMLI" or collectively "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Respondents' failure to adjudicate Petitioner LEHARDY's Form I-130, Petition for Alien Relative, ("Petition") within a reasonable period of time. The Petition, if approved, will allow Petitioner JOMLI to apply for permanent resident status in the United States and continue living with his U.S. Citizen spouse, Petitioner LEHARDY. Until a decision is made on the Petition, JOMLI's application for permanent resident status cannot be filed or considered. The Petition has been in a pending status for a period of nearly two years, which is nearly two times the highest, average processing time reported by Respondent USCIS of 10 to 12 months.  The Petitioners have a clear right to adjudication of their Petition in a timely manner. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

2.  The final adjudication of the Petition is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Respondents are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Petition.

PARTIES

4. Petitioner LEHARDY is a resident of Queens County, New York, and a United States Citizen.  She is the spouse of JOMLI and the petitioner of the Form I-130, Petition for Alien

2

Relative, allowing beneficiary qualification for JOMLI to adjust his status to a permanent resident of the United States.

5.      Petitioner JOMLI is a resident of Queens County, New York, and is a national of the country of Tunisia.  Petitioner JOMLI is the beneficiary of his spouse's I-130 Petition.

6.      Respondent CHAD F. WOLF is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Respondent WOLF is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7.      Respondent KENNETH T. CUCCINELLI is the Acting Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

8.      Respondent WILLIAM P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Petitioners are seeking judicial review of inaction by one or more of the Respondents.

10. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11. The Petitioners have repeatedly requested the Respondents to make a final decision on the Petition. Further, Petitioners have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Petitioners notified the Respondents of their intent to file suit. The Respondents have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

12. The Petitioners have exhausted their administrative remedies. Petitioners have supplied USCIS with documents that establish Petitioners eligibility for approval of their Petition.

13. There are no further administrative remedies available for Petitioners to utilize.

## FACTUAL ALLEGATIONS

14. On October 19, 2018, Petitioner LEHARDY filed Form I-130, Petition for Alien Relative, naming her spouse, Petitioner JOMLI, as a beneficiary (Receipt# SRC-1990-0386-47) with USCIS.

15. On October 24, 2018, USCIS acknowledged through a mailed notice that LEHARDY's Petition was properly filed and the requisite fee of $535 was also received. **[EXHIBIT A].**

16. On November 18, 2019, after nearly a one-year period since the filing of the Petition, Petitioners received a "Transfer Notice" which stated that their filing was being transferred to the Texas Service Center of USCIS to supposedly "speed up processing." **[EXHIBIT B].**

17. After receiving the aforementioned notice, Petitioners made numerous inquiries with USCIS, to which USCIS routinely and generically responded that the Petitioners' Petition was pending and no timeframe could be given for a decision.

18. On January 8, 2020, after receiving no meaningful responses from USCIS, Petitioners again inquired with USCIS as to the status of their petition.

19. On January 21, 2020, Petitioners received a response to the January 8th inquiry providing that "additional review" was needed and that they would receive a decision or a notice of further action within a period of 60 days. No such notice was ever received by the Petitioners. **[EXHIBIT C].**

20. Since October 19, 2018, the time the Petition was filed, USCIS has made no further requests for information or evidence of the Petitioners.

21. As specifically alleged above, Petitioners have made numerous inquiries over the past two years with USCIS and have requested adjudication of their Petition.

22. Petitioners' inquiries have resulted in continuous responses from USCIS stating that the Petitioners' Petition was still pending review.

23. LEHARDY's Petition now continue to be pending with USCIS for nearly two years.

24. USCIS has published an average processing time of 10 months to 12.5 months for the adjudication of Form I-130. Petitioner LEHARDY's Form I-130 has been pending for over 22 months, which is nearly two times the highest, average processing time.

25. Further, in the aforementioned notice dated January 8, 2020, USCIS assured the Petitioners that within 60 days of January 21, 2020, a decision or a notice of further action would be issued; no such notice was ever issued, even after a period of 208 days.

26. Respondents have refused to provide further explanation which would merit the need for over two years of processing time.

27. Petitioners have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in pending status.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

28. All prior paragraphs are re-alleged as if fully stated herein.

29. Petitioner LEHARDY has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

30. Respondents have a duty to adjudicate LEHARDY's Petition within a reasonable period of time under 5 U.S.C. §555(b).

31. The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

32. No other adequate remedy is available to Petitioners.

33. Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Petition.

34. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

35. Given the Respondents' lack of a reason for not making a decision on Petitioner LEHARDY's Petition for over two years, Petitioner's Form I-130 Petition has been pending for an unreasonably long period of time.

36. Respondents have failed in their statutory duty to adjudicate the Petition in a reasonable time.

37. Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on LEHARDY's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to LEHARDY's case.

38. Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioner LEHARDY's Form I-130, thereby depriving Petitioners of the rights to which they are entitled.

39. In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees.  Also, as a result of Respondents' actions, Petitioner LEHARDY has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, Petitioner JOMLI has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Petitioners' lives are on hold due to Respondents' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioners' Petition.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioners' Petition immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  August 17, 2020                              Respectfully submitted,

      /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**

**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
*Counsel for Petitioners*